## No. 18,414.

### O. K. Uranium Development Co., et al. *v.* Walter K. Miller.

(345 P. [2d] 382)

Decided October 26, 1959.   Rehearing denied November 16, 1959.

Mr. J. Emory Chilton, for plaintiffs in error.

Messrs. Tippit, Haskell & Welborn, Mr. Richard R. Helmick, Mr. John R. Evans, Mr. John A. F. Wendt, Jr., for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

THE parties to this action are here in reverse order of their appearance in the trial court. We shall refer to them as plaintiff and defendants, or by name.

Miller brought suit against defendants to rescind a purchase of stock of the defendant corporation on the ground of fraud. Trial was to the court resulting in findings and judgment for the plaintiff, and the defendants seek reversal by writ of error.

Plaintiff Miller, at the time of these transactions, had recently disposed of an interest in a bowling alley and being at loose ends, was seeking employment. A friend of long standing, one Kunde, had become associated with defendant Osmundson in a uranium venture in New Mexico, and the defendant corporation O. K. Uranium Development Co. Inc. had been organized with Osmundson and his wife as the chief officers. Some $15,000 par value of shares had been issued to these parties for services, but no stock had been sold for cash. During the latter part of March 1955, Kunde, at Osmundson's suggestion or direction, contacted Miller with a view to persuading him to invest some money in the company, and, as an inducement to such investment repeated to Miller what Osmundson had told him; viz., that the company had valuable mining properties in New Mexico and elsewhere; that it had sufficient funds to carry on exploration work for at least six months without further financing and was in good financial condition. At Osmundson's direction Kunde took Miller to New Mexico to view the properties and to meet other interested parties. Miller met Osmundson for the first time on this trip and the uranium claims were pointed out to him, on top of a mountain a considerable distance away. Later Miller met with Osmundson at the latter's office in Denver where he was shown numerous ore samples and assay reports which he was given to understand came from the company properties. Osmundson there repeated the statement made to Miller by Kunde that the company had sufficient funds to operate for a period of six months

without additional capital. Miller was told that the company had need of a man of his capabilities to manage the Denver office and that the salary of such position would be $500 per month. Later he was told that since Kunde was working for $400 per month he should receive the same, to which he agreed. On April 8, 1955, upon his second visit to Osmundson's office he purchased stock in the company for $3000 making payment with a Jeep automobile valued at something more than $400 and the balance in cash. Afterward he advanced an additional $525 to the company for filing fees in connection with the mining claims in New Mexico.

Later it developed that the company had no properties in New Mexico or elsewhere, such interests as were involved consisted merely of options which were in Osmundson's name. It had no funds to operate for six months, or at all, and the only cash money paid into the company consisted of Miller's contribution. Miller testified that he believed all of the statements made to him by Kunde and Osmundson, and invested his money on the faith of their accuracy; that had he known the truth he would not have done so.

■ The foregoing represents a view of the evidence favorable to plaintiff and which the trial court adopted in its findings. We have held that under such circumstances this court will not disturb a judgment unless the findings upon which it is based are so manifestly against the weight of the evidence as to compel a contrary conclusion. *Howard v. International Trust Company,* 139 Colo. 314, 338 P. (2d) 689. Here we must say that the evidence, if believed by the trial court, was sufficient to justify a finding of false representation as an inducement to the plaintiff to purchase the corporate stock in question and to support a judgment of rescission based thereon.

■ Defendants argue here that the complaint as filed below does not state a claim upon which relief can be granted in that the allegations of fraud are not stated

with the particularity required by Rule 9, R.C.P. Colo. While a motion to dismiss was filed in the trial court, it was not argued or ruled upon and the defendants thereafter filed an answer in which the motion to dismiss was not repeated. Trial proceeded on the issues made by the complaint and answer without objection, and without the sufficiency of the complaint being again challenged. As we have observed, the evidence was ample to sustain the judgment and had the matter of the pleading been suggested to the trial court an amendment to conform to the evidence would have been in order under Rule 15(b).

The judgment is affirmed.

MR. JUSTICE DAY not participating.